Little v. Williams.

JOHN R. LITTLE, Adm'r,

v.

J. W. WILLIAMS, Adm'r.

1. WIDOW'S AWARD—ORDER OF PAYMENT.—In the administration of estates, the widow's award is subordinated only to the payment of funeral expenses. An administrator may not with impunity wholly disregard the statute, and pay out of the assets of the estate such claims as he thinks fit, leaving preferred claims unpaid and unprovided for, and if he misapplies the funds, he must abide the consequences.

2. ADMINISTRATION OF ESTATES—EXPENSES FOR TOMBSTONE.—When an estate is in such an insolvent condition that it can pay nothing to general creditors, nothing for physician's bill or other expenses of the last sickness, and only in part that which the law regards a still more equitable and deserving claim, the administrator should not be allowed to expend $42.35 for a tombstone for the deceased.

ERROR to the Circuit Court of Williamson county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed August 13, 1880.

Messrs. CLEMENS & BURTON, for plaintiff in error, cited York v. York, 38 Ill. 522; Heward v. Slagle, 52 Ill. 336; Foley v. Bushway, 71 Ill. 386.

Mr. J. M. WASHBURN and Mr. GEORGE W. YOUNG, for defendant in error, cited Rev. Stat. 1877, 111; People v. Phelps, 78 Ill. 147; Curts v. Brooks, 71 Ill. 125.

The credit for tombstone was proper: Foley v. Bushway, 71 Ill. 386; North's Probate Guide, 177; Willard on Executors, 272.

Costs of administration must first be paid: People v. Hunter, 89 Ill. 392; North's Probate Guide, 158.

An administrator is liable for costs only in case of *mala fides*, or gross negligence: Burnap v. Dennis, 3 Scam. 478.

BAKER, J. Mary Williams was widow of David Williams, deceased; and appellee was and still is administrator of his estate. The widow's award was $682; and she selected $108.10 in personal property, at appraised value, leaving $573 still due on her allowance. There has come to the hands of the administrator, in money, from sale of personal property, $185.05; from sale of real estate to pay debts, $150; from collections on notes inventoried, $40, and from cash on hand, sixty-four cents; making $378.69 in all. Section 70, Ch. 3, R. S. 1874, classifies claims against the estates of deceased persons into seven classes: Funeral expenses compose the first class; the widow's award is the second class; and all other debts, demands and expenses are included in one or another of the subsequent classes. Section 71 provides that all claims allowed against estates shall be paid in the order in which they are classed by the statute.

By this classification the widow's award is subordinated to the payment of funeral expenses only. Rector v. Reavill, 3 Bradwell, 232. The administrator of David Williams has never applied the $378.69 that he admits has come to his hands, or any part thereof, to the payment of the amount remaining due and unpaid on the widow's award; but on the contrary, has paid all other claims in preference thereto. Appellant is administrator of Mary Williams, who is now deceased, and instituted proceedings in the county court to compel appellee to show cause why an order should not be made on him to pay the residue due on the award. Appellee answered by filing a report, and objections were filed thereto by appellant. The county court overruled the objections and approved the report; and thereupon appellant appealed to circuit court. A trial in the

Little v. Williams.

latter court, without a jury, resulted in a judgment refusing the order asked on appellee, and confirming his report, and affirming the judgment of the county court.     Upon examination of the report of appellee, and of his former reports offered in evidence on the hearing, we find he has paid out but little, if anything, that has preference to the widow's award.

It cannot be admitted an administrator may with impunity wholly disregard the statute, and pay out of the assets of the estate just such claims as he thinks fit, leaving those demands the statute has made preferred claims unprovided for.     The law says the widow's allowance shall be paid before aught else except funeral expenses.     This administrator has paid the costs of administration, his own commissions and *per diem* charges, an individual claim of his own, and all the seventh class claims, and yet answers, in substance, that he has received no assets with which to pay the widow's award.     If he has misapplied the funds of the estate, he must stand the consequences.     The whole account of the administrator should be re-stated, and a peremptory order should be made upon him to pay, within a fixed day, to appellant, on widow's award, the residue of assets found to be in his hands.     But few deductions should be made from the amount of moneys he has collected. When an estate is in such insolvent condition that it can pay nothing to general creditors, nothing · for physician's bill or other expenses of the last illness of the deceased, and only in part pay that which the law regards a still more equitable and deserving claim, we are of opinion the administrator should not be allowed to expend $42.35 for a tombstone for the deceased.     Regard should be paid to the rights of the living.     If the officers of the court fail to get their fees and costs, it may be said the law provides such fees and costs shall be a fifth-class claim, and they took their respective offices *cum onere*.     If the administrator fails to receive compensation for his services, it may be said, by availing himself of the provisions of Section 59 of the statute in regard to the administration of estates, as soon as it was discovered the assets of the estate did not exceed the amount of the widow's allowance, his labor and services might have been dispensed with.     Had he availed himself of

this privilege, the costs and expenses of administration to that time might have been deducted from the assets in his hands.

The reasonable and necessary costs and expenses, occasioned by the proceedings to sell real estate, the administrator should have credit for, as said proceedings were at the instance, and for the benefit of appellant. The administration of this small and insolvent estate has been on hand since June, 1874, and large bills of costs have been incurred. From an examination of the record, we are strongly impressed with the opinion this delay and these costs have been largely occasioned by an evident attempt on the part of the administrator to avoid the payment of the allowance the law gave to his step-mother. The judgment of the circuit court is reversed, and the cause is remanded to that court for further proceedings, in accordance with the views herein expressed.

                                        Reversed and remanded.